## APPEAL OF THE STAR PORCELAIN CO.

Docket No. 5002.     Decided September 24, 1926.

On the facts stated, *held*, that the Washington Porcelain Co. was affiliated with the Star Porcelain Co. and the Frenchtown Porcelain Co. for the years 1920 and 1921.

*Arthur B. Foye, Esq.*, for the petitioner.
*M. N. Fisher, Esq.*, for the Commisisoner.

years 1920 and 1921, respectively. The question involved is whether that company was affiliated with the Star Porcelain Co. and the Frenchtown Porcelain Co. for the taxable years in question.

### FINDINGS OF FACT.

The Star Porcelain Co., the Frenchtown Porcelain Co., and the Washington Porcelain Co. were all incorporated under the laws of New Jersey in 1899, 1914, and 1917, respectively. The first and last-named were engaged in the manufacture of porcelain electric specialties at Trenton and Washington, respectively, and the Frenchtown Porcelain Co. was engaged in the manufacture of porcelain for spark plugs at Frenchtown. The Star Porcelain Co. was organized by McKenzie, Britten, and Herbert Sinclair. Sinclair purchased a controlling interest in 1909 and the balance of Britten's interest in 1911. Prior to 1914 it had a department in its plant at Trenton which was very highly unionized, as result of which it could not compete with its competitors. It was felt that the easiest and best thing was to start a plant somewhere to manufacture this particular line, which was porcelain for spark plugs; so the plant was started in Frenchtown to get away from the union problem. The plant at Trenton had had considerable labor trouble. One strike had run for several months and crippled some of the largest customers. Again, in 1916, a strike lasting three or four months took place. Four of the customers who took approximately 80 per cent of the business advised its officers that if they did not get another plant and give them another source of supply, they would develop an outside source. For that reason the Washington plant was started.

During the years 1920 and 1921 the stockholders of the three companies were as follows:

| | Star Porcelain Co. | | Frenchtown Porcelain Co. | | Washington Porcelain Co. | |
|---|---|---|---|---|---|---|
| | Number of shares | Per cent of shares outstanding | Number of shares | Per cent of shares outstanding | Number of shares | Per cent of shares outstanding |
| Thomas McKenzie, deceased (now known as Thomas McKenzie Estate) | 326 | 32. 6 | 161 | 32. 2 | 12 | 2. 4 |
| Herbert Sinclair | 671 | 67. 1 | 336 | 67. 2 | 336 | 67. 2 |
| G. E. Sinclair | 1 | . 1 | 1 | . 2 | 38 | 7. 6 |
| F. F. Gardinor | 1 | . 1 | 1 | . 2 | 38 | 7. 6 |
| A. T. Fenton | 1 | . 1 | 1 | . 2 | 38 | 7. 6 |
| H. P. Humphrey | | | | | 38 | 7. 6 |
| Total | 1, 000 | 100 | 500 | 100 | 500 | 100 |

McKenzie was not active in the business during that part of 1920 preceding his death, which took place in November. Herbert Sinclair was treasurer and manager of the Star and Frenchtown ·companies in 1920 and 1921 and president of the Washington Porcelain Co. George C. Sinclair, a brother of Herbert Sinclair, was secretary of the Star and Frenchtown companies and manager of production of all three plants. Gardinor was first vice president and assistant manager of the Star and Frenchtown companies and Fenton was second vice president and superintendent. Humphrey, who had been in the employ of the Star Porcelain Co. prior to the organization of the Washington Company, was vice president and manager of the Washington plant. He went to the Frenchtown plant once or twice a week and checked up on manufacturing and production. The Sinclairs, Gardinor and Fenton received compensation from all three plants.

The majority of the orders for the three plants were solicited by Herbert Sinclair and taken through the office of the Star Company and there distributed to the other companies. The Washington Company had no separate sales organization; 95 per cent of its production was for the four customers who had insisted in 1916 that another source of supply be obtained. They had been doing business with the petitioner for twenty years. The Washington plant secured its foremen and department heads from the Star Company which also sent workmen there for periods of a month or two. Humphrey's assistant also spent a day a week at the Trenton plant and a day or two at the Frenchtown plant. There was also an exchange of dies and materials between the plants. Practically all the machinery for the Washington plant was made at the Trenton plant and sold to it at cost. The Trenton plant also made the saggers for the Washington plant. An emergency machine shop was built midway between Washington and Trenton and operated as such on practically a "fifty-fifty" basis. The books of the companies were all kept at the Trenton plant by its employees.

The Star, Frenchtown, and Washington companies filed consolidated returns for the years in question but the Commissioner eliminated the Washington Company from the affiliated group.

### OPINION.

Morris: The question involved in this appeal is whether the Washington Porcelain Co. was affiliated with the Star and Frenchtown companies for the years 1920 and 1921. The five stockholders who owned all the stock of the Star and Frenchtown companies owned 92 4/10 per cent of the stock of the Washington Company. The Frenchtown and Washington companies were outgrowths of the Star Company. There was a centralized management, an interchanging of employees and materials between the three plants, all directed

toward the profitable operation of one business.   In our opinion the Washington Company was affiliated with the Star and Frenchtown companies for the years in question.   *Appeal of Wright Cake Company*, 2 B. T. A. 58; *Appeal of American Cream of Tartar Company*, 2 B. T. A. 847.

> *Order of redetermination will be entered on 10 days' notice, under Rule 50.*